UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

ALYCE MCKINNEY AND
    SCOTTY MCKINNEY         CIVIL ACTION 09-0964

VERSUS                         U.S. DISTRICT JUDGE DEE DRELL

METROPOLITAN PROPERTY
    AND CASUALTY INS. CO.
                              U.S. MAGISTRATE JUDGE JAMES D. KIRK

**REPORT AND RECOMMENDATION**

Before the court is plaintiff's motion to remand, **Doc. 6**, referred to me by the district judge for report and recommendation.

Plaintiffs sue for damages as a result of an automobile accident on September 17, 2008. Suit was filed in state court in Avoyelles Parish and timely removed by the defendant to this court based on diversity jurisdiction. Defendant stated, in its Notice of Removal, that the amount in controversy exceeds the jurisdictional limits of this court, $75,000, and attached medical reports which defendant asserts prove the amount in dispute. Defendant also points out that plaintiff seeks penalties and attorney fees under Louisiana law and, therefore, the amount in dispute clearly exceeds $75,000.

Plaintiff moves to remand asserting that defendants have failed in their burden to prove that the amount in dispute

exceeds $75,000, the jurisdictional amount in this court.

## Analysis.

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages.  <u>Allen v R & H Oil and Gas Co.</u>, 63 F.3d 1326 (5th Cir. 1995).  Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount.  <u>St. Paul Mercury Indemnity Co. v. Red Cab. Co.</u>, 58 S. Ct. 586 (1938).  Where a specific amount of damages is not set forth, the legal certainty test is not applicable.  Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  <u>De Aguilar v. Boeing Co.</u>, 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought, except in certain circumstances. La. Code Civ. P., Art. 893.  Therefore, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. <u>De Aguilar</u> I, supra.  The defendant may make this showing in either of two

2

ways: (1) by demonstrating that it is facially apparent from the complaint that the claims are likely above $75,000, or (2) by setting forth the facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount. Allen, 63 F.3d at 1335. See Luckett v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however, cite to a state statute, for example, that prohibits recovery of more than the amount sought. De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal must file a binding stipulation or affidavit with her petition. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra. While post removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is, not facially apparent, at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC)

v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra. See also, (De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal. Allen, 63 F.3d at 1335.

Plaintiff's petition does not allege entitlement to a specific amount of damages. Neither is it facially apparent that the damages exceed the jurisdictional limit. Rather, the claims made in this case are similar to those made with little specificity in Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Compare Luckett supra, and Gebbia, supra. Therefore, defendant must show by a preponderance of other evidence that the amount in dispute is more than $75,000.

In order to prove jurisdiction, defendant has attached to its removal petition, copies of certain medical records. Those records show that right after the accident, Dr. Juneau found that plaintiff suffered a bulging disc encroaching on the neural foramen at the L4-5 level, more prominent on the right. The L5-S1 level shows minimal prominence as well. In October the plaintiff complained of intermittent pain and numbness radiating into the legs. Dr. Juneau recommended physical therapy. He also diagnosed a "whiplash". He noted the possibility that lumbar steroid injections might be needed. He recommended followup in six months.

Medical records from Dr. Broussard show that shortly after the accident plaintiff complained of numbness in both legs, right hand pain, arm and leg weakness, neck pain, left shoulder pain and headache. She had decreased ability to grasp was dropping things and her legs would "give out". She reported stumbling when her legs felt weak and described her neck pain as liquid fire. She complained of headaches, neck pain of 8 on a 10 scale and back pain of 10 on a 10 scale. Dr. Broussard noted radiculopathy secondary to her neck and low back. Her symptoms were progressing.

Although she was to return in one week, she did not return until January 7, 2008. She reported improvement with decreased neck and back pain. Otherwise her symptoms were still about the same.

On March 6, 2009 plaintiff saw Dr. Broussard again. Neck and back pain had both increased to September levels and her other symptoms, such as complaints of dropping things, persisted. On April 15, 2009, she reported her pain was about the same. She had been in physical therapy for about ten weeks and she could no longer work in her flower beds ass he could before the accident. Dr. Broussard noted she still had neck and low back radiculopathy and headaches and he continued her on physical therapy and medications.

In addition to her claims for damages, plaintiff also seeks

5

imposition of penalties and attorney fees under LSA-R.S. 22:1892 of 50% of the damages due, plus reasonable attorney fees. Both penalties and attorney fees may be included in calculating the amount in controversy. See, respectively: Buras v. Birmingham, 327 F.2d 238 (5th C. 1964); Cupples v. Farmers, 390 F.2d 184 (5th C. 1968).

Plaintiff has settled with the adverse driver for $10,000. Nevertheless, there is no question that plaintiff's damages may well exceed $75,000, especially when penalties and attorney fees are included.

Plaintiff, however refers the court to a stipulation which was filed in the record after removal. The stipulation, which is not in affidavit form and is not a binding stipulation, simply states that the plaintiffs "stipulate that their damages in the above captioned matter does (sic) not exceed $75,000.00 inclusive of special damages." Such a stipulation, in order to be effective, had to have been filed with the complaint, as explained above. De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). The attempted stipulation is, therefore, without effect.

For these reasons, IT IS RECOMMENDED that the motion to remand, doc. #6, be DENIED.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and

6

Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 30th day of September, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE